108 F.3d 1384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nancy BURHANS, Plaintiff-Appellant,
v.
COUNTY OF SAN DIEGO; Service Employees International Union
102, Defendants-Appellees.
 No. 96-55040.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 17, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nancy Burhans, an employee of the San Diego County Department of Social Services, appeals pro se the district court's summary judgment in favor of the County of San Diego ("County") in Burhans's 42 U.S.C. § 1983 action alleging that the County violated her rights to free speech and equal protection when it required her to submit to a psychological evaluation after she was involved in a dispute with her supervisor. Burhans also appeals pro se the district court's judgment, following a bench trial, in favor of the County in Burhans's 42 U.S.C. § 1983 action alleging that the psychological evaluation violated her rights to privacy under both the United States and California Constitutions. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part and dismiss in part.[1]
 
 
 3
 Burhans contends that the district court erred by granting summary judgment for the County because the County violated her free speech rights by requiring her to submit to a psychological evaluation in retaliation for her complaints about her dispute with her supervisor. Burhans further contends that the County violated her equal protection rights by placing her on paid administrative leave and requiring her to submit to a psychological evaluation because her supervisor was not treated similarly. Last, Burhans contends that the district court erred by granting judgment in favor of the County on Burhans's privacy claims. These contentions lack merit.
 
 
 4
 We review de novo the district court's grant of summary judgment. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id. Following a bench trial, we review the district court's findings of fact for clear error and its conclusions of law de novo. Magnuson v. Video Yesteryear, 85 F.3d 1424, 1427 (9th Cir.1996).
 
 
 5
 First, in order to state a claim for wrongful retaliation for exercise of free speech rights, the employee must establish that:
 
 
 6
 (1) the statement that brought on the retaliation is one of "public concern;"
 
 
 7
 (2) the constitutionally protected expression is a "substantial" or "motivational" factor in the employer's adverse decision or conduct; and
 
 
 8
 (3) the interests of the plaintiff/employee in commenting on the matter of public concern outweigh the state's interest in maintaining efficient public services.
 
 
 9
 Sanchez v. City of Santa Ana, 936 F.2d 1027, 1038 (9th Cir.1991); see Allen v. Scribner, 812 F.2d 426, 430-432 (9th Cir.), modified, 828 F.2d 1445 (9th Cir.1987).
 
 
 10
 Here, Burhans claims that the County's decision to require her to submit to a psychological evaluation was made in retaliation for Burhans's complaints about her dispute with her supervisor. Speech relating to "individual personnel disputes and grievances" that "would be of no relevance to the public's evaluation of the performance of governmental agencies" is not speech of public concern. Allen, 812 F.2d at 431. Because Burhans's dispute with her supervisor arose out an individual grievance about Burhans's work and her supervisor's expectations of her, her complaints were not matters of public concern and the district court did not err by granting summary judgment for the County on Burhans's free speech claim. See Bagdadi, 84 F.3d at 1197; Allen, 812 F.2d at 431.
 
 
 11
 Second, the Equal Protection Clause mandates that " 'all persons similarly circumstanced shall be treated alike.' " Hoffman v. United States, 767 F.2d 1431, 1436 (9th Cir.1985) (quoting F.S. Royster Guano Co. v. Virginia, 253 U.S. 412, 415 (1920)). Where a suspect classification or a fundamental right is not involved, we apply the rational basis standard and will uphold the state action if it "bears some fair relationship to a legitimate public purpose." Hoffman, 767 F.2d at 1436 (internal quotations omitted).
 
 
 12
 Here, in response to the workplace dispute, the County placed Burhans on paid administrative leave and required her to submit to a psychological evaluation. Burhans argues that she and her supervisor are similarly circumstanced and that Burhans received disparate treatment. Because Burhans, the employee, and her supervisor are not similarly circumstanced and because the County articulated a reasonable basis for treated Burhans differently, the district court did not err by granting summary judgment for the County on Burhans's equal protection claim. See Bagdadi, 84 F.3d at 1197; Hoffman, 767 F.2d at 1436.
 
 
 13
 Last, where, as here, the resolution of an appeal involves mixed questions of law and fact, we must have a record to review. Syncom Capital Corp. v. Wade, 924 F.2d 167, 169 (9th Cir.1991) (per curiam). Because Burhans failed to provide a trial transcript, we cannot properly review this appeal. See id. Accordingly, we dismiss Burhans's appeal from the district court's judgment in favor of the County on Burhans's privacy claims. See id.
 
 AFFIRMED IN PART AND DISMISSED IN PART.[2]
 
 14
 The County shall recover its costs on appeal.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Burhans settled her claims against the Service Employees International Union
 
 
 [2]
 To the extent Burhans raises additional claims in her opening brief, we do not consider them because she failed to raise them before the district court. See Maljack Prods., Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 890 n. 13 (9th Cir.1996). We deny Burhans's motion to remand to augment the record